**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGIL POPESCU,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　　　　　Defendant. | CASE NO. 13CV564 BEN (JLB)<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>[Docket No. 38] |

On September 22, 2014, Plaintiff submitted a Motion for Reconsideration of the Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint. (Docket No. 38.) Plaintiff's motion is **DENIED**.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff has not identified any new evidence or new law. He identifies no new evidence and the cases he cites are not recent. He simply repeats arguments previously made and requests oral argument because he believes the Court may only consider the merits of his argument in person. However, "[a] motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an

opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *FTC v. Neovi, Inc.*, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008)). To the extent Plaintiff is arguing the Court committed clear error, the Court disagrees. "Clear error occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The Court finds no clear error.

Additionally, Plaintiff's motion fails to comply with Civil Local Rule 7.1(i). Under 7.1(i)(1), a party may apply for reconsideration of an order "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." The moving party must provide the court with an affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown" and the motion "must be filed within twenty-eight days after the entry of the ruling, order or judgment sought to be reconsidered." CIVIL LOCAL RULE 7.1(i)(1)-(2). Although Plaintiff submitted an affidavit, it did not identify any new facts or circumstances the Court should consider and Plaintiff's motion was not filed within 28 days of the Court's ruling.[1]

Because Plaintiff has not identified any new law, new evidence, or clear error in the Court's prior decision, the Motion for Reconsideration is **DENIED**. The October 20, 2014 hearing date is vacated.

**IT IS SO ORDERED**.

DATED: October 1, 2014

Hon. Roger T. Benitez
United States District Judge

---

[1] The Court's order granting the motion to dismiss was filed on August 21, 2014 and Plaintiff's motion was not filed until September 22, 2014. Plaintiff's motion was not only untimely by the date he filed it, but also by the date he signed it, September 21, 2014.